UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENVER E. LEE,

                  Plaintiff,                          Case Number 21-11445
                                                        Honorable David M. Lawson

v.

UNITED STATES OF AMERICA,
CITY OF DETROIT, COUNTY OF
WAYNE, and STATE OF MICHIGAN,

                  Defendants.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT

Plaintiff Denver E. Lee was convicted of possessing a firearm as a convicted felon.  He was sentenced to 15 years in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  He currently is serving his sentence at FCI Elkton in Lisbon, Ohio.  Lee filed a *pro se* complaint against the United States of America, the City of Detroit, Wayne County, and the State of Michigan alleging that the United States prosecuted him selectively and vindictively, discriminated against him because he is an African American man, and that the remaining defendants conspired with the United States and each other and failed to protect him.  He bases his claims on 42 U.S.C. §§ 1983, 1985, and 1986.  Lee also filed an application to proceed without prepaying fees and costs for this action.

The initial screening of the complaint under the Prison Litigation Reform Act reveals that the complaint must be dismissed.  Suit against the United States is barred by the doctrine of sovereign immunity, and suit against the State of Michigan is barred by sovereign immunity and the Eleventh Amendment.  The complaint does not state a redressable claim against Wayne County or the City of Detroit.  And because the claims imply the invalidity of Lee's criminal conviction,

he may not proceed against any of the defendants because he has not received a favorable termination of his conviction or sentence.

I.

Lee was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  *United States v. Lee*, 834 F. App'x 160, 162 (6th Cir. 2020), *cert. denied*, No. 20-7859, 2021 WL 2637931 (U.S. June 28, 2021). The Sixth Circuit described the facts underlying the case as follows:

> In February 2018, four Detroit police officers on patrol observed two men, one of whom was Lee, standing between two cars parked in the middle of the street. One of the officers shined the cruiser's spotlight on the men. With the light on him, Lee nervously grabbed the front center pocket of his sweatshirt and quickly walked away. The officers approached Lee and noticed a heavy bulge in his sweatshirt pocket. One of the officers frisked Lee and discovered a loaded firearm (registered to Lena Safadi, described by Lee as his assistant). Another officer then handcuffed Lee. Two other officers witnessed the entire encounter, and body cams worn by two of the officers captured much of the incident.

*Ibid.*

Lee filed his complaint in this case on May 31, 2021 invoking 42 U.S.C. §§ 1983, 1985, and 1986 and alleging that the United States conspired with the City of Detroit to impede his exercise of his rights to enforce and benefit from contracts; that the U.S. threatened and intimidated witnesses in his criminal case; and that the prosecution of his criminal case was selective and vindictive, and discriminated against him on the basis of race and sex.  He also asserts the United States committed fraud against him and violated his rights to privacy and due process.

Lee also alleges that he was targeted for federal charges because he was a successful black man, and the charges were intended to prevent him from opening a black-owned hospital in the City of Detroit.  He alleges that his white, female assistant was similarly situated to him in that she was disqualified by law from possessing a firearm (under 18 U.S.C. § 922(h)), but she was not criminally charged when a gun was found in her possession.

- 2 -

The relief requested includes immediate release from prison, vacating his sentence, expunging his record, and restoring his gun rights.  He also seeks compensatory and punitive damages.

On January 19, 2021, the plaintiff filed a motion in his criminal case to vacate his conviction and sentence under 28 U.S.C. § 2255.  *See* Case No. 18-20198, ECF No. 103.  That motion remains pending.

II.

Lee has been granted pauper status at his request, and the initial payment of filing fees has been waived.  When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit.  The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The same screening is required when the complaint seeks redress against government entities, officers, and employees.  28 U.S.C. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).  Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed.  *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A complaint filed by an unrepresented party is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, Federal Rule of Civil Procedure 8(a) requires that all

complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

## A.

There are several reasons why this case cannot proceed against the United States. First, the United States is immune from suit. "In general, the United States is protected by sovereign immunity and on this basis cannot be sued without its consent." *S. Rehab. Grp., P.L.L.C. v. Sec'y of Health & Hum. Servs*., 732 F.3d 670, 676 (6th Cir. 2013) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Sovereign immunity implicates the court's authority to adjudicate a dispute — its subject matter jurisdiction — and "the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *Sherwood*, 312 U.S. at 586).

The Federal Tort Claims Act (FTCA), which Congress passed in 1946, "'waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citing *Meyer*, 510 U.S. at 475-76). But the FTCA does not extend to constitutional or other federal claims against the United States. *Meyer*, 510 U.S. at 1001.

Second, Lee brings his claims under 42 U.S.C. §§ 1983, 1985, and 1986. To state a claim under section 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or federal law, and that the deprivation was caused by a person acting under color of *state* law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Section 1983 does not apply to the United States because it is not a state actor operating under color of state law. *Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D. Mich. 2008). Sovereign immunity also bars claims against the United States brought under sections 42 U.S.C. §§ 1985 and 1986. *See Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000) (sovereign immunity bars §§ 1985(3) and 1986 claims against the United States); *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (sovereign immunity bars claims against the United States under §§ 1983, 1985, and 1986). The United States is thus immune to all of the plaintiff's claims.

Third, although there is a judicially created analog to section 1983 cases for federal defendants, *see Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)), *Bivens* claims may be brought only against "a *person* acting under color of law," *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (emphasis added, citations omitted). Lee has not sued any individuals, and governments and agencies of government

may not be found liable under either *Bivens* or section 1983 "on a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676 (citations omitted). A *Bivens* action may be brought only against individuals, not federal agencies. *Carlson v. Green*, 446 U.S. 14, 21 (1980); *Meyer*, 510 U.S. at 486; *see also Corr. Servs. Corp.*, 534 at 72 (A federal "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) ("*Bivens*-type claims . . . may be asserted against federal officials only in their individual capacities.")

B.

For similar reasons, Lee cannot maintain an action for damages against the State of Michigan. In addition to the sovereign immunity bar, "[t]here can be no doubt . . . that suit against [a] State . . . is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Ibid.* (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). Nor did Congress abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Ibid.* (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). The Eleventh Amendment also protects Michigan from suits brought under 42 U.S.C. § 1985. *Abe v. Michigan Dep't of Consumer & Indus. Servs.*, 229 F.3d 1150 (6th Cir. 2000) (Table).

C.

Wayne County and the City of Detroit are not entitled to sovereign immunity, but Lee's complaint does not set out any plausible claims against them. Lee has not alleged any unconstitutional conduct against a specific individual associated with the City or the County. And local governmental entities cannot be held liable under 42 U.S.C. § 1983 solely for the acts of their

agents; they are accountable under that statute only for their own conduct. *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Lee, therefore, must point to an official policy, custom, or practice of that local government as the source of the constitutional violation. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). And he must allege facts that show a causal connection between the policy and the injury. *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). He has not done so here.

Nor has Lee adequately pleaded claims under 42 U.S.C. § 1985 or 1986. Section 1985 addresses conspiracies to interfere with civil rights. A civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Barkovic v. Att'y Grievance Comm'n*, 289 F. Supp. 3d 833, 843 (E.D. Mich. 2017) (quoting *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011)). To state a claim of conspiracy under section 1985, the plaintiff must allege (1) that a single plan existed; (2) that the alleged conspirators shared in the general conspiratorial objective to deprive the plaintiff of his constitutional or federal statutory rights; and (3) that an overt act was committed in furtherance of the conspiracy that caused injury. *Ibid.* (citing *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). "[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim . . ." *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Lee alleges that the City of Detroit conspired with the United States to use state and federal law against him, to commit fraud against him, to prosecute him for the purpose of preventing him

- 7 -

from benefiting from contracts on the same terms as white people, and to intimidate witnesses against him.  Compl., ECF No. 1, PageID.5, 26.  He alleges that Wayne County and Detroit, conspiring with the United States, have targeted African American men for over thirty years, denying them equal protection of the law.  *Id*. at PageID.7.

However, Lee alleges no facts to support any of his assertions.  His allegations are "vague and conclusory" and are not sufficiently specific to survive screening.  For instance, Lee makes no specific allegations that would support an inference of a plan, a shared objective, or any overt act intended to cause injury attributable to the defendants.  *See Moldowan*, 578 F.3d at 395 (citing *Gutierrez*, 826 F.2d at 1539) (the plaintiff's claims "lack the requisite material facts and specificity necessary to sustain a conspiracy claim.); *compare Webb v. United States*, 789 F.3d 647, 671 (6th Cir. 2015) (allegations of deleted and misdated evidence and false testimony sufficed to demonstrate a common plan); *Jacobs v. Alam*, 915 F.3d 1028, 1043 (6th Cir. 2019) (evidence including fabricated evidence, false arrest, and false testimony supported "an inference of a conspiracy").

Lee makes reference to the papers filed in his criminal case in support.  *See* Compl., ECF No. 1, PageID.5, 22 (listing Case No. 18-20198, ECF Nos. 116, 117, and 118).  These filings do not help him here, however, as they merely mimic the five pages of identical allegations in the complaint (except for page numbers and a single additional explanatory sentence in the criminal filing).  *Compare* Case No. 18-20198, ECF No. 116, PageID.1908-1912 *with* Case No. 21-11445, ECF No. 1, PageID.9-13.

There is one specific allegation in the filings in Lee's criminal case: that a police officer testified falsely at his trial.  Case No. 18-20198, ECF No. 117, PageID.1914-18.  He also alleges that the Assistant U.S. Attorney "at least 'should have known'" that the testimony was false, and

"'should have' varified [sic] it was true by practicing due diligence . . ." by reviewing the pertinent video footage of the arrest. *Id*. at PageID.1915. But those allegations fall short of alleging a conspiracy. And the Sixth Circuit has held that the doctrine in *Briscoe v. LaHue*, 460 U.S. 325 (1983), holding that witnesses are absolutely immune from civil liability based on their testimony in judicial proceedings, "also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings.'" *Moldowan*, 578 F.3d at 390 (quoting *Alioto v. City of Shively*, 835 F.2d 1173, 1174 (6th Cir. 1987).

The allegation that the Assistant U.S. Attorney "should have known" the officer's testimony was false does not lend support to an inference of a conspiracy because it suggests negligence at most and implies no agreement to violate civil rights. The AUSA's awareness of — or obligation to perform due diligence to ascertain — the false testimony does not support the existence of an "agreement to commit the offense . . ." *United States v. Hughes*, 505 F.3d 578, 588 (6th Cir. 2007).

Because the plaintiff's section 1985 claims fail, so do his claims brought under section 1986. That statute "creates a cause of action for knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights, as described in 42 U.S.C. § 1985." *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990). A viable section 1986 claim requires a plaintiff to establish the existence of a cause of action under section 1985. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005) (citing *Braley*).

Lee's complaint also contains conclusory allegations that the defendants vindictively and selectively prosecuted him for the firearm offense. To make out a claim of vindictive prosecution, the plaintiff must allege that the prosecutor engaged in "unreasonable conduct" with the intent to punish the plaintiff for exercising a protected right. *United States v. Dupree*, 323 F.3d 480, 489

- 9 -

(6th Cir. 2003) (explaining that "a person claiming to be vindictively prosecuted must show that the prosecutor had some 'stake' in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable") (quoting *Nat'l Eng'g & Contracting Co. v. Herman*, 181 F.3d 715, 723 (6th Cir. 1999)).  Lee's complaint does not plead these elements.  He does allege that Wayne County and the United States sought to hinder his rights to enforce contracts.  But he pleads no facts from which can be inferred any "stake" the governmental entities had in inhibiting his right to contract.

For selective prosecution, the plaintiff must plead facts showing that "(1) the state actor singled out a person belonging to a protected, identifiable group; (2) the state actor initiated prosecution with a discriminatory purpose; and (3) the prosecution had a discriminatory effect on the group identified." *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 529 (6th Cir. 2009) (citing *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997)).  That usually requires showing that "similarly situated persons outside her category were not prosecuted[.]" *Ibid*.  Likewise, "[t]o state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006).

Lee bases this claim on the government's failure to prosecute his assistant, Lena Safaldi, a white woman, who, he says could have been charged under 18 U.S.C. § 922(h), which prohibits the possession of firearms and ammunition by individuals who are knowingly employed by a person disqualified from owning a firearm under section 922(g).  Lee alleges that the government knew Safadi possessed a firearm as a registered owner, and that she was employed by a felon,

namely, Lee himself.  The complaint, however, contains no facts suggesting that Lee and Safaldi were similarly situated.  There is no allegation, for instance, that Safaldi was disqualified from possessing a firearm because of a prior felony conviction.  Nor are there plausible allegations that she possessed a firearm on the night in question.  To the contrary it was Lee himself who had the gun.  *See United States v. Lee*, 834 F. App'x 160, 162 (6th Cir. 2020) ("One of the officers frisked Lee and discovered a loaded firearm (registered to Lena Safadi, described by Lee as his assistant)").  Although the plaintiff alleges repeatedly that Safadi was a registered gun owner and had a concealed pistol license, he never alleges that Safadi was found in possession of a firearm while "[t]hey were in the same place at the same time for the same reason."  ECF No. 1, PageID.10.

Lee's allegations are not sufficient to plead a viable claim of selective or vindictive prosecution or a conspiracy among the defendants or their failure to protect him from that conspiracy.  He has failed to state a claim for which relief can be granted against the City of Detroit and Wayne County.

### D.

Finally, Lee's claims against all the defendants are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In that case, the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact.  *Ibid.* at 486.  The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 487.

Included in Lee's request for relief is a demand that his conviction be vacated.  Where a

plaintiff's primary request for remedy is to be relieved of his conviction and sentence, a civil action under section 1983 is not an allowable alternative to the "traditional remedy of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). That is, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Ibid.*

Lee, of course, is a federal prisoner. But the principles of *Heck* and *Preiser* are not limited to state prisoners and claims brought under section 1983. In *Lanier v. Bryant*, 332 F.3d 999 (6th Cir. 2003), the Sixth Circuit held that *Heck* applied to *Bivens* actions as well as claims brought under 42 U.S.C. § 1985, the conspiracy statute. *Id.* at 1005 (citing *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999)). Because the plaintiff in *Lanier* "sought relief which essentially attacked the lawfulness of his conviction, without first having that conviction set aside, his tendered complaint failed to state a claim under *Heck*." *Id.* at 1005-06.

Lee does not say that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, and the Court's records confirm that it remains intact. All of Lee's claims against the defendants relate to his criminal prosecution; "a judgment in [his] favor . . . would necessarily imply' that his prior conviction or sentence was invalid." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 487). *Heck*, therefore, bars this suit.

III.

The plaintiff fails to state a claim in his complaint upon which relief may be granted, and he attempts to state claims against parties who are immune from suit. The PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

- 12 -

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:  October 22, 2021